IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNEDY BURKHALTER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14-CV-251-JED-PJC |
| ) | |
| THE STATE OF OKLAHOMA, *et al.* ) | |
| ) | |
| Defendants. ) | |

## OPINION ORDER

Before the court are the Motion for Protective Order [Dkt. #58][1] filed by defendant Gregory Ivan Hawkins ("Hawkins") and plaintiffs' Motion for Expedited Consideration [Dkt. #60] of defendant's motion. In his motion, Hawkins asks the court to enter an order prohibiting plaintiffs from taking his deposition, which has been noticed for September 28, 2016. Plaintiffs have filed a response opposing the motion [Dkt. #59], and a motion for expedited consideration of Hawkins' motion. [Dkt. #60].

Hawkins is the natural father of plaintiff Kennedy Burkhalter. Plaintiff Alvertis Finley is Burhalter's mother. Plaintiffs allege in their First Amended Complaint that while Burkhalter, then 15 years of age, was in the custody of the Oklahoma Department of Human Services ("DHS"), she was repeatedly sexually abused, and ultimately impregnated, by Hawkins. They allege that DHS knew Hawkins was an unfit parent who should not have been allowed unsupervised contact with Burkhalter, but nonetheless permitted Hawkins to have unsupervised contact with her, which provided Hawkins the opportunity to sexually abuse her repeatedly. *Id.* Plaintiffs sued DHS, its director and five of its employees; Hawkins; and Zion Fellowship

---

[1] Hawkins titled his pleading, "Request to Take Judicial Notice." However, he asks the court to enter an order prohibiting plaintiffs from taking his deposition and/or allowing him to invoke his Fifth Amendment right against self-incrimination. [Dkt. #58 at 3].

Ministries, an Oklahoma not-for-profit corporation doing business as Zion Plaza Church ("Zion Church").[2] They assert claims of federal and state due process rights violations against DHS, its director and its employees; negligence against Zion Church, DHS and DHS employees; intentional infliction of emotional distress against all defendants; and assault and battery against Hawkins.

Zion Church was properly served in the pending action, and on July 15, 2014, the clerk entered default against it. [Dkt. #21]. On July 19, 2016, plaintiffs filed their Motion for Default Judgment against Zion Church pursuant to Fed. R. Civ. P. 55(b)(2) and LCvR 55.1(b). [Dkt. #44]. The court granted the motion. [Dkt. #46]. Plaintiffs are now conducting discovery to prove their damages against Zion Church.

In 2015, Hawkins pled guilty to and was convicted of multiple counts of child abuse in Tulsa County and Osage County. *See State of Oklahoma v. Hawkins,* Tulsa County District Court, CF-2013-3239; *State of Oklahoma v. Hawkins*, Osage County District Court, CF-2013-259. He filed an application for post-conviction relief in the Tulsa County case. The trial court denied the application, and the Oklahoma Court of Criminal Appeals affirmed. *State of Oklahoma v. Hawkins*, OCCA, PC-2016-323.

Hawkins is currently in the custody of the Oklahoma Department of Corrections serving seven concurrent life sentences and a separate 20-year sentence for convictions arising from his sexual abuse of Burkhalter. He is incarcerated at the North Fork Correctional Center in Sayre, Oklahoma.

On July 22, 2016, plaintiffs filed their Unopposed Motion for Leave to Depose Hawkins, stating that they need his testimony concerning his acts of sexual abuse to establish the damages

---

[2] Hawkins is alleged to have been the president and pastor of Zion Church. [Dkt. #42, First Amended Complaint, ¶11]. Plaintiffs allege that the sexual abuse took place multiple times at multiple locations, including the premises of Zion Church. *Id.*, ¶28.

to Burkhalter caused by Zion Church. [Dkt. #45]. District Judge John E. Dowdell granted the motion the same day. [Dkt. #46]. On August 20, 2016, plaintiffs filed their Unopposed Motion to Modify Order Granting Leave to Depose Prisoner [Dkt. #54], seeking leave to take a videotaped deposition of Hawkins. Judge Dowdell granted the motion on August 22, 2016. [Dkt. #55].

Plaintiffs intend to depose Hawkins on the following topics:

- The status and resources of Zion Church, including the availability of an insurance policy to cover Zion Church's liability;

- Cathryn Collins, the Zion Church child care employee in whose home DHS had placed plaintiff at the time Hawkins continued to rape and ultimately to impregnate her, including Hawkins's relationship with Ms. Collins, Ms. Collins' employment relationship with Zion Church, Hawkins' interactions with Ms. Collins while plaintiff was staying at Ms. Collins' house, and Ms. Collins' current whereabouts;

- Hawkins' interactions with DHS, including the individual defendants;

- Hawkins' interactions with plaintiff's mother, Alvertis Finley;

- Hawkins' interactions with plaintiff before he began to sexually abuse her; and

- Hawkins' sexual abuse of and related interactions with plaintiff and the harm Hawkins' actions caused her.

[Dkt. #59 at 3-4].

In his motion, Hawkins contends: (1) he should not be compelled to give any testimony that violates his Fifth Amendment right against self-incrimination; (2) because the deposition will be videotaped, he should not be required to appear in prison clothing or wear a prison identification card, and no prison officials or correctional officer should be allowed to appear in the videotape; (3) the court should enter an order granting him absolute immunity against any future prosecution, whether criminal or civil; and (4) the court should appoint counsel to represent him.

3

**Fifth Amendment Right Against Self-Incrimination**

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "The Fifth Amendment's privilege against self-incrimination protects two distinct rights: first, a defendant's right not to take the witness stand at his own criminal trial and, second, the privilege of any witness, in any formal or informal governmental proceeding, not to answer questions when the answers might incriminate him." *Miranda v. Utah*, 2009 WL 513259 at *1 (D. Utah 2009). (citing *Roach v. Natl Transp. Safety Bd.*, 804 F.2d 1147, 1151 (10th Cir. 1986). The privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Id.* (quoting *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972)).

In order for the Fifth Amendment privilege against self-incrimination to apply, "an individual must face some authentic danger of self-incrimination." *United States v. Rivas-Macias*, 537 F.3d 1271, 1277 (10th Cir. 2008) (internal quotation marks omitted). "When no further danger of incrimination is present, the privilege ceases to apply." *Id.* Accordingly, "the privilege generally remains available . . . until an individual's sentence has been fixed and the judgment of conviction has become final." *Id.*

Hawkins' criminal liability for the sexual abuse of his daughter has already been established, his sentences have been imposed and his application for post-conviction relief has been denied. As a result, to the extent he is asked questions related to the crimes for which he has been convicted, no Fifth Amendment right against self-incrimination will be implicated. Thus, Hawkins may not invoke his right against self-incrimination with respect to questions

about Hawkins' sexual abuse of and related interactions with plaintiff and the harm Hawkins' actions caused her.

It is possible that questions related to the remaining topics might possibly implicate his Fifth Amendment right against self-incrimination. However, the court cannot determine whether a deponent's answer to a question might be incriminating except in the context of a propounded question. *See Roach*, 304 F.2d at 1151-52 ("To rely on this facet of the [Fifth] Amendment's protection, a witness must normally take the stand, be sworn to testify, and assert the privilege in response to each allegedly incriminating question as it is asked."). Thus, the court cannot enter a blanket order regarding *potential* questions that might be asked. Nor will the court grant Hawkins' request that the deposition be prohibited. As the Supreme Court has observed, in a civil case, "[t]he rule allowing invocation of the privilege, though at the risk of suffering an adverse inference or even a default, accommodates the right not to be a witness against oneself while still permitting civil litigation to proceed." *Mitchell v. United States*, 526 U.S. 314, 328 (1999).

**Prison Clothes, Identification and Guards**

Hawkins asks that he not be forced to wear prison clothing and/or identification during the videotaped deposition. Further, he requests that no prison officials or correctional officer appear in the videotape. Plaintiffs have voiced no objection to these requests. Accordingly, Hawkins will be permitted to wear civilian clothing and will not be required to wear a prison ID during the deposition. Plaintiffs are directed to avoid videotaping prison guards or personnel during the deposition.

**Absolute Immunity**

Hawkins contends he is entitled to "absolute immunity against any future prosecution criminal or civil." He cites no authority—and the court is aware of none—for this proposition. Accordingly, this request is denied.

**Appointment of Counsel**

Citing the Sixth Amendment, Hawkins contends he is entitled to have court-appointed counsel represent him in this matter.[3] The Sixth Amendment, however, applies only to court-appointed counsel in criminal matters. Defendant cites no legal authority for the proposition that he is entitled to court-appointed counsel in this civil case. Defendant may, of course, hire counsel to represent him at his own expense.

## CONCLUSION

Plaintiffs' Motion for Expedited Consideration [Dkt. #60] is granted.

For the reasons set forth above, Hawkins' Motion for Protective Order [Dkt. #58] is granted with respect to his request that he be allowed to wear civilian clothing and that he not be required to wear a prisoner ID during his videotaped deposition; further, plaintiffs are directed to avoid videotaping prison guards or personnel during the deposition. In all other respects, the motion is denied.

ENTERED this 27th day of September, 2016.

Paul J. Cleary
United States Magistrate Judge

---

[3] Hawkins was initially represented in this case by attorney James Goodwin, who filed a motion to withdraw on July 29, 2016, citing Hawkins' inability to pay his attorney fees. [Dkt. #47]. The motion was granted on August 17, 2016. [Dkt. #53]. Goodwin did not oppose either of plaintiffs' motions for leave to depose Hawkins.